WILLIAM R. TILLINGHAST, EX. *vs.* THOMAS IVERSON.

FEBRUARY 13, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney and Barrows, JJ.

STEARNS, J. This is a bill of exceptions of the executor of the estate of Avis Borda, late of the town of Narragansett, deceased.

Mrs. Borda died March 7, 1923. The executor of her estate published the first notice of his appointment May 4, 1923. In 1920 Mrs. Borda engaged Thomas Iverson, a civil engineer, to take charge for her of an extensive land development, and he continued in her employ until she died. By his agreement with her he was to receive $20 a day and also, as he claims, 10% on all amounts expended for labor on the property. This claim for commission is denied by the executor.

After the death of Mrs. Borda, her executor paid Iverson over $4,000 for wages due, also for a small expenditure made by Iverson for Mrs. Borda and later the amount of a small note due to the estate which he had paid at the request of the executor. No statement was filed in the probate court for these claims nor did the executor require one. February 12, 1925, Iverson filed a petition for permission for leave to file his claim for commissions under the provisions of General Laws 1923, Chapter 365, Section 3. This petition was heard by the town council of Narragansett acting as a court of probate, and on the 16th day of March the following decree was entered: "After hearing all the parties in the matter it is voted that the petitioner be and hereby is granted permission to file his said account." From this decree the executor appealed to the Superior Court. The appellee, Iverson, then filed a claim for jury trial. After a trial, the jury returned a verdict granting the petition. The appellant's motion for new trial was denied. Appellant excepted to the refusal to direct a verdict in his favor, to the denial of certain requests to charge and to certain parts of the charge of the court to the jury. General Laws 1923, Chapter 365, Section 3, provides that all persons having claims against the estate of a deceased person shall file statements of their claims with the clerk of the probate court; claims filed within six months from the first publication of notice are preferred in payment over all claims subsequently filed; claims not filed within one year are barred, provided, that a creditor who by reason of accident, mistake, or unforeseen cause, or by reason of any other cause, has failed to file his claim, may petition the probate court for leave to file his claim at any time before the distribution of the estate, and the probate court, after notice to the executor or administrator, and a hearing on said petition, may in its discretion, grant leave to file such claim upon such terms, if any, as said court shall prescribe, which claim, if allowed, shall be paid out of the assets remaining in the hands of the executor or administrator.

As there were issues of fact raised by the appeal, the case was one which could properly be tried by a jury. *Tillinghast* v. *Brown University*, 24 R. I. 179; *Arnold et al* v. *Regan*, 29 R. I. 71; *Buckley* v. *Hammond*, 29 R. I. 442.

It appears in evidence that the relations between the executor and Iverson for a long time were friendly and that Iverson at the request of the executor assisted in the settlement of the estate. Iverson testified that his right to the commission was admitted by Mrs. Borda, that the executor, shortly after his appointment, had notice of this claim, and he believed it would be settled without litigation and that there was no need to file any claim. The executor denies that he knew this claim was to be insisted upon and says he supposed from the conduct of Iverson that all of his claims were settled. The trial justice charged the jury that it was for them to decide, on all the evidence, whether in their discretion such a case was presented as warranted the allowance of the petition.

At the request of the appellant the court also charged the jury if the failure to file the claim was due to mistake of law solely, this would debar the allowance of the petition. The appellee took exception to this part of the charge but, as he prevailed, his exception does not require consideration.

Section 3, Chapter 365, in its present form, first is found in Public Laws, 1920, Chapter 1937. By this chapter the accident and mistake clause was amended by the addition of the clause "by reason of any other cause." This statute is comprehensive and broad in scope but the discretion thus given is not without limitation. The requirement of notice and a hearing implies that there must be some reason for the exercise of discretion. The petition can not properly be granted as a matter of course or capriciously. As the character of the required reason is not defined by the statutes, the determination of the value of the reason is left in the first instance to the probate court. This is a judicial discretion and the exercise thereof will not be reversed upon review, unless it appears that the inferior tribunal has

abused its discretion or based its decision upon mistake as to its powers or upon some other error of law not involving discretion. *MacKenzie & Shea* v. *R. I. Hos. Trs. Co.*, 45 R. I. 407.

The probate court, the jury and the trial justice by his approval of the verdict, have all decided that this claim was one that should be tried on its merits.. Appellee has submitted some evidence that his claim is just and has given a reason for his failure to file the claim. The estate has not been distributed and, so far as appears, the executor can defend against the claim now, as well as if the claim had been filed before. We find that there was no abuse of discretion. The exceptions are without merit.

By Section 6, Chapter 365, a similar provision is made for the benefit of an executor or of any person interested, who has failed to disallow any claim within the prescribed time. The intention of the statutes is evidently to accelerate the settlement of estates but to allow a certain latitude of action to courts of probate when either the filing or the disallowance of a claim is belated.

All of the appellant's exceptions are overruled and the case is remitted to the Superior Court for further proceedings following the verdict.

*Tillinghast & Collins, James C. Collins, James A. Tillinghast,* for appellant.

*McGovern & Slattery,* for appellee.