RHODE ISLAND HOSPITAL TRUST COMPANY *et al. vs.* SIMON SIMONS.

FEBRUARY 17, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is an appeal from a decree of the probate court of the city of Providence. It is brought directly to this court under the rule of this court adopted February 19, 1934, which provides that all appeals from an order or decree of a probate court, granting or denying leave to file a claim against the estate of a deceased person under the second proviso of sec. 3, chapter 365, general laws, 1923, shall be taken direct to the supreme court.

The appellee duly made petition to the probate court of the city of Providence for permission to file a claim out of time against the estate of Walter R. Callender, under said proviso, and after a hearing thereon, that court entered its decree granting the petition.   The appellants, who are the

executors of this estate, have prosecuted an appeal from that decree to this court. In support of their appeal, they contend that the probate court abused its discretion in granting said petition. This contention raises the only question before this court.

Did the probate court abuse its discretion? From our examination of the transcript and after consideration of the cases in this state on this question, we cannot say that it did. The particular proviso of sec. 3 under which the court acted gives a wide, although not unlimited, discretion to the probate court. *Tillinghast* v. *Iverson,* 50 R. I. 23. Unless the court below has abused that discretion or has based its decision upon mistake as to its powers or upon some other error of law not involving discretion, its decision will not be reversed by this court. In other words, its judgment on facts after a fair hearing will stand as conclusive, unless such judgment is so lacking in evidence to support it that there is no valid reason for the exercise of the court's discretion.

In the instant case the petitioner testified that he was the owner of a copyright of a system known as the "store savings system"; that the decedent, Walter R. Callender, had agreed in the spring of 1931 to purchase this system from him for the sum of $3500, and that a period of three years was given to the decedent within which to complete payment, which would be sometime in 1934; that several small sums were paid from time to time in the year 1931 only; and that at the death of the decedent the sum of $3425 was due and unpaid. The petitioner further testified that he did not learn that Mr. Callender had died until some time in the fall of 1936, when he read in the newspaper of the death of a Mrs. Callender, and that this caused him to inquire about Walter Callender; that he was then informed and learned for the first time that Walter Callender had died sometime earlier. In explanation of his obvious failure to get in touch with Mr. Callender, after payment in full of this alleged sale became due sometime in 1934, the petitioner testified that

he was "writing a book on science" and that he had not given any further attention to that transaction until he saw the notice of Mrs. Callender's death.

The petitioner is corroborated by another witness, Abraham Weiner, as to a payment made by Mr. Callender on the alleged contract. Weiner testified that Callender came into the petitioner's place of business on Dorrance street in Providence one day in 1931 while he, Weiner, was present and paid the petitioner $25 in currency and that the petitioner said to Callender at that time: "You owe $3400, the balance." Weiner testified later that the figure was $3450.

There was no testimony from anyone, except the petitioner, as to why he had failed to follow up Callender for this alleged debt and why he had not noticed that Callender had died sometime before 1936, and that his estate was in course of administration in the probate court of the city of Providence for a considerable time before petitioner was first led to inquire about it upon seeing the notice of Mrs. Callender's death.

The appellants contend that this testimony furnishes no valid reason for the exercise of the probate court's discretion. The determination of the validity of the reason is left in the first instance to that court. *Tillinghast* v. *Iverson, supra.* In finding, in the case at bar, that the reason given by the petitioner for failing to file his claim in time was a valid one which justified granting his petition, the probate court was not limited to the causes "of accident, mistake or unforeseen cause" specified in the first proviso of sec. 3. The second proviso under which this petition is brought authorizes the probate court "in its discretion" to grant to a creditor permission to file a claim out of time, and before distribution of the estate, for "any other cause" than those specified in said first proviso.

The cause given by the petitioner for not filing his claim in time is indeed a strange one, and at first blush may seem to be worthy of slight credence. If it is true, however, can

it be said that it does not present sufficient reason to meet the requirement intended by the broad language of the second proviso above quoted? The judge of the probate court, who saw this petitioner and heard him testify, was in a much better position to determine the question of his credibility than we are with merely the printed transcript before us and with nothing therein to impeach petitioner's testimony other than the odd nature of it. Apparently he believed that the petitioner was telling the truth and accordingly credited his testimony.

Unless we are convinced that the petitioner's testimony as to his failure to learn of the decedent's death and file his claim in time is inherently improbable or on the face of it utterly unworthy of belief, the decision of the probate court should not be disturbed. The transcript of the testimony does not raise such a conviction in our minds.

The contention of the appellants that the petitioner is not entitled to relief, because he has not shown that the estate is actually undistributed, is without merit, since the appellant does not deny that the estate appears undistributed of record in the probate court.

The appeal is denied and dismissed, and the decree appealed from is affirmed.

*Hinckley, Allen, Tillinghast & Wheeler, Harold A. Andrews, Harold P. Salisbury,* for appellants.

*Hart, Gainer & Carr, Frank W. Golemba,* for appellee.