PHILIP ALLEN *vs.* THE NATIONAL BANK OF COMMERCE AND TRUST COMPANY OF PROVIDENCE, *Admr., d.b.n.c.t.a.*

SAME *vs.* SAME.

AUGUST 2, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. These are probate appeals and they are here on exceptions taken by the appellant in each case to certain rulings and to the decisions of the superior court sustaining the decree in each case of the probate court of the city of Providence.

The cases arose in the following manner: Crawford Allen died on April 22, 1872, and his will was probated on July 2, 1872. By his will, he disposed of a very large estate, one half of which went to certain trustees under a testamentary trust. On June 30, 1874, the executor's final account, showing a distribution of $1,708,875.62 was allowed. However, there was not included in such distribution a contingent reversionary interest in Crawford Allen in a trust fund of $100,000, which he had set up by a trust indenture dated September 30, 1869, for his daughter, Anne C. A. Brown (Mrs. John Carter Brown). This indenture provided that

Mrs. Brown was to have the income of such fund for her life, and upon her death without issue, the principal was to revert to the settlor, Crawford Allen.

Mrs. Brown lived to the advanced age of eighty-seven years and died without issue on July 6, 1936. In the meantime, the executor under the will of Crawford Allen had died on May 14, 1907. On November 24, 1936, the National Bank of Commerce and Trust Company of Providence was appointed administrator *d.b.n.c.t.a* of the estate of Crawford Allen, and the reversionary interest in the trust estate, amounting to $110,321.82, was paid to it as said administrator.

On November 27, 1936, the appellant filed in the probate court a claim against said estate. On November 30, 1936, the appellant also filed in the probate court a petition for leave to file his claim out of time, because "by reason of an unforeseen cause or other cause" he had failed to file it within the time allowed. This petition seems to be under both the first and second provisos of general laws 1923, chapter 365, sec. 3. The appellant also asked in this petition for alternative relief under the provisions of G. L. 1923, chap. 369, sec. 10.

On December 31, 1936, the probate court, after hearing, denied this petition and the appellant duly appealed to the superior court. Thereafter, on January 5, 1937, the administrator moved to expunge from the records of the probate court the claim which had been filed on November 27, 1936. On January 26, 1937, after hearing, the probate court granted this motion and expunged said claim from its records. The appellant duly appealed from such action to the superior court. These appeals were consolidated for hearing in accordance with G. L. 1923, chap. 362, sec. 10 and heard by a justice of the superior court, who denied and dismissed both appeals. The appellant thereupon duly excepted to said decisions and has prosecuted his bills of exceptions in each case to this court.

These appeals raise several serious questions with reference to the jurisdiction of the probate court to grant or deny permission to appellant to file out of time a claim which he alleges that he has against the estate of Crawford Allen, deceased. We shall have occasion, however, to consider here only the question raised by appellant's exception to the denial of his prayer for alternative relief under general laws 1923, chap. 369, sec. 10, as our consideration of appellant's contention under that exception leads us to construe said section in such a way as to be decisive in his favor of both cases. All of the appellant's other exceptions in both bills of exceptions are, therefore, not passed upon in what follows.

Section 10 reads as follows: "If further assets come to the hands of an executor or administrator after the expiration of one year from the date of the first publication of notice of the qualification of the first executor or administrator, he shall apply said assets to the payment of the claims of creditors and account therefor in the same manner as assets received within said year; and if the surplus of such assets remaining after payment of said claims in full is in the opinion of the probate court sufficient to warrant so doing, the probate court may order notice given of the receipt of such assets and may extend the time for filing claims not to exceed six months after such notice. Claims filed within said extended time may be allowed or proved in the same manner as claims filed within said year, and shall be payable out of the assets remaining in the hands of the executor or administrator. In case of disallowance of a claim, suit may be brought thereon only within six months after notice of disallowance."

This section does not appear to have been previously passed upon by this court. It came into the general laws the first time in 1905 with the enactment of the court and practice act which introduced many new methods of procedure and substantially revolutionized practice in all of our courts. The purpose of this section is, under certain conditions, to

relieve against the strict rigor of the statute of limitations prescribed, for filing claims, under general laws 1923, chap. 365, sec. 3. Those conditions are first, the coming in to the hands of an executor or administrator of further assets after the expiration of one year following the first publication of the notice of the qualification of the first executor or administrator, and second, the existence of a surplus of assets of the estate remaining after the payment of claims already duly filed sufficient in the opinion of the probate court, to warrant the court in ordering an extension of time for filing claims.

We are of the opinion that a finding that the second condition does not exist in any given instance rests in the discretion of the probate court but such discretion is not arbitrary. It must bear some reasonable relation to and be based upon evidence that would fairly support such a conclusion. The question which the probate court is called upon to decide is the narrow one of whether the surplus of assets remaining after the payment of all claims regularly filed within the year following the first publication of the notice of the qualification of the first executor or administrator justifies a further extension of time of six months in which creditors who have not filed their claims may do so. In passing upon this question it is no part of the probate court's duty to determine the validity of the claim or claims which any person, who alleges in good faith that he is a creditor, desires to file. Its province is to decide whether or not the condition of the estate warrants the extension of time for filing claims generally by creditors as is the practice during the year following the first publication of notice of qualification of the first executor or administrator.

In the instant case the appellant filed his petition with the probate court alleging that he was a creditor of the deceased and praying that he be permitted to file his claim out of time in accordance with the provisions of general laws 1923, chap. 365, sec. 3. He also included therein a prayer

for alternative relief under sec. 10 aforesaid. These two prayers contained in the same petition were both addressed to the discretion of the court. The first, however, called for an inquiry into the reasons for the petitioner's request for permission to file his claim out of time, whereas the second called for an inquiry primarily into the status of the surplus assets of the estate remaining after all claims, regularly filed, had been paid and whether or not such surplus would warrant an extension of time of six months for filing additional claims, which sec. 10 authorized the court to grant.

It appears from the transcript that the justice of the superior court who heard the appeal from the decree of the probate court, denying both prayers of appellant's petition, confused the two matters presented to him and denied the appellant's appeal as to both prayers for the same reasons. This was error.

We are of the opinion that much of the evidence before him went to the merits of the appellant's claim rather than to the question properly before the court under the prayer for alternative relief under sec. 10 and that this evidence was relied upon by the trial justice in making his decision. There is, however, evidence which shows that a very large sum of money, $110,321.82, belonging to the estate of Crawford Allen has recently come into and now remains in the hands of the administrator; that there are no claims filed within the year after the first publication of the qualification of the first executor remaining unpaid and that there is, therefore, a surplus of assets in the hands of the administrator *d.b.n.c.t.a* which could be used for the payment of claims.

We express no opinion on the merits of the appellant's claim. Whether or not it is *prima facie* a valid claim or is barred by laches or the statute of limitations are not matters which we are called upon to consider at this time. The question to be decided primarily on the consideration of the appellant's prayer for relief under sec. 10 is whether or not there is a surplus of assets remaining in the hands of the ad-

ministrator sufficient to warrant an extension of time as specified in sec. 10 for filing claims. On the evidence, we are of the opinion that it was clearly an abuse of discretion for the probate court to refuse to order notice as authorized under sec. 10, and that it was error for the justice of the superior court to affirm the decree of the probate court on the grounds that he did.

As under this view, the appellant's prayer for alternative relief in Ex. &c. No. 7932 will be granted and he will then have an opportunity to file his claim, and as such opportunity is the most that he could obtain if, in Ex. &c. No. 7933, his exceptions to expunging his claim from the records of the probate court were sustained, it is not necessary to consider his exceptions in that case, but the appeal therein should be dismissed by the superior court.

Appellant's exception to the trial justice's decision in Ex. &c. No. 7932, sustaining the decree of the probate court denying him relief under chap. 369, sec. 10, is sustained. His other exceptions in this case for the reasons above stated need not be considered.

These cases are remitted to the superior court for entry of new decrees in accordance with G. L. 1923, chap. 362, secs. 17 and 18.

Moss, J., dissenting. I am unable to concur with the other members in the opinion of the court. In sustaining the appellant's exception to the decision of the trial justice in the superior court in Ex. &c. No. 7932, by which the decree of the probate court denying the appellant relief under G. L. 1923, chap. 369, sec. 10, was sustained, they rely solely on a construction of that section which in my judgment is erroneous.

The first sentence of that section is as follows: "If further assets come to the hands of an executor or administrator after the expiration of one year from the date of the first publication of notice of the qualification of the first executor or administrator, he *shall* apply said assets to the payment

of the claims of creditors and account therefor in the same manner as assets received within said year; and if the surplus of such assets remaining after payment of said claims in full is in the opinion of the probate court sufficient to warrant so doing, the probate court *may* order notice given of the receipt of such assets and *may* extend the time for filing claims not to exceed six months after such notice. (italics mine)

In its construction of this language the court gives the same meaning to the word "may", which is italicized above, as if it were "shall", and holds, in substance and effect, that the judge of the probate court has no discretion, except in the matter of deciding whether the surplus of new assets, remaining after the payment of the unpaid claims already filed, are sufficient in amount to make it worth-while to permit new claims to be filed, and that, if he finds that the new assets are sufficient, he *must* give notice of the receipt of such assets and extend the time for the filing of claims.

I admit that the word "may" is sometimes given the same effect as the word "shall" would have in the same place. But that should be done only when the context and the carrying out of the evident purpose of the provision in question clearly require such a construction. As to the statutory provision now under consideration, I can see no good reason for such an interpretation.

I am convinced that the word "may" in this statute should be given its natural and ordinary meaning; and that when new assets have come into an estate, as set forth in the statute, and in the opinion of the judge they are not too small in amount to make it worth-while to extend the time for the filing of claims, he still is not required to extend such time, but may do so or not in the exercise of a sound discretion. In my judgment the provision should be given a like construction to that given to the similar, though more detailed and explicit provision in the latter part of G. L. 1923, chap. 365, sec. 3. See *Mackenzie & Shea* v. *Rhode*

*Island Hospital Trust Co.,* 45 R. I. 407; *Tillinghast* v. *Iverson,* 50 R. I. 23; *Rhode Island Hospital Trust Co.* v. *Simons,* 60 R. I. 108, 197 A. 190. As to the application of the first part of this same section 3, see *Di Benedetto* v. *Capone,* 48 R. I. 14.

In my opinion the probate court is given by the section 10 now in question a wide, though not unlimited discretion, which is subject to review and may be reversed for a clear abuse. It is also my opinion, which I believe is supported by the authorities on the subject, that among the considerations which may properly guide the exercise of such discretion are the length of time which has elapsed since the expiration of the regular time for filing claims and the result-- ing difficulty of contesting claims; the apparent merits or demerits of any claim or claims, in behalf of which an extension of time for filing is sought; the reasons for not filing such claim or claims within the proper time; and any other considerations which affect the question whether such an extension of time *ought* to be ordered.

In the instant case the judge of the probate court, after a full hearing and, so far as appears, after giving proper attention to every consideration which should affect the exercise of his discretion, refused an extension of time under G. L. 1923, chap. 369, sec. 10. So, likewise, the matter was fully heard on appeal in the superior court and the justice who heard it there, without a jury, found that the judge of the probate court had not abused his discretion; and he also found, in the exercise of his own discretion, that an extension of the time for filing claims should not be granted.

It is my considered judgment that neither of these judges committed any abuse of discretion or other error, as to the application of the section in question, and that the appellant's exception based on that section should be overruled. As no ruling is made in the opinion of the court as to the exception based on G. L. 1923, chap. 365, sec. 3, I do not discuss that section.

*Russell W. Richmond,* for appellant.

*Hinckley, Allen, Tillinghast & Wheeler, Edward L. Leahy, Arthur M. Allen, Chauncey E. Wheeler, Isadore Paisner,* for appellee.