ANNA E. DUNLOP, *et al. vs.* ELIZABETH M. McLAUGHLIN.

MAY 25, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

418

CONDON, J. This is an appeal from a decree of the probate court of the town of Cumberland granting the appellee permission to file a claim out of time against the estate of Edwin G. Dunlop, deceased. The principal appellant is the executrix of the will, and she will be referred to hereinafter as such. She has brought her appeal directly to this court in accordance with the provision of a rule adopted on February 19, 1934, which governs appeals from an order or decree of a probate court granting or denying leave to file a claim against the estate of a deceased person under the second proviso of sec. 3, chapter 365, general laws 1923.

The appellee, hereinafter referred to as the petitioner, filed a petition in the probate court for relief under sec. 3, but did not specify that she was seeking relief under the second proviso thereof. The pertinent portion of her petition is as follows: " . . . that the said Elizabeth M. McLaughlin is accordingly a creditor of said estate; that as such creditor, by reason of accident, mistake and unforeseen cause, she failed to file said claim; that said accident, mistake and unforeseen cause was caused, in part, by the said administratrix in that she represented to the petitioner that she need not file her claim against the estate of her husband and that it would be paid.

"Your petitioner further represents that she relied on

and believed the representations of the said administratrix; that accordingly she did not file her claim within the statutory period provided therefor; that distribution of said estate has not been made.

"Wherefore, said Elizabeth M. McLaughlin, creditor of said estate prays that she may be allowed to file said claim out of time in accordance with the provisions of the statute provided therefor."

The probate court found, after hearing, that the petitioner had not established accident, mistake or unforeseen cause, but did find that the reasons given by her for not filing her claim within the time limited by law were satisfactory to the court. Accordingly she was allowed to file her claim pursuant to the second proviso of sec. 3. The court also found specifically that the estate had not been distributed and that the claim appeared to be a just one which was entitled to be heard on its merits.

The executrix contends that it was error for the court to grant relief under the second proviso, as the petition did not contain a prayer for such relief. She contends further that if relief under that proviso was properly before the court, it abused its discretion in granting such relief on the evidence before it.

The petitioner contends in reply that her petition properly brought before the probate court the question of relief under either proviso. She further contends that her petition must necessarily be deemed a petition under the second proviso, as leave of the probate court is not required in order to file a claim out of time under the first proviso. She urges in her brief that: "The first proviso has to do with filing a claim; the second proviso, the petition. The petitioner submits that she filed the petition in the present case and could do so only under the second proviso."

The petitioner further contends that "the language of the second proviso of said section is strong enough to permit a probate court, in its discretion, to grant leave

to file a claim out of time, even though the facts on which are to be based 'any other cause' are not alleged and set out in the petition, providing, of course, there has not been distribution. If facts are brought to the attention of the Court, even though not specifically alleged in the petition, which facts give the probate court some reason for the exercise of discretion favorably for the petitioner, then said Court should exercise its discretion accordingly."

On the view which we take of the instant case, we find it unnecessary to consider petitioner's second contention as we are clearly of the opinion that the petition is otherwise sufficient to justify the probate court in exercising its discretion under the second proviso of sec. 3. In a petition of this kind it is not a fatal omission for the petitioner to fail to allege that her petition was brought under the second proviso, if there is an allegation in the petition on proof of which the probate court could properly grant relief under the broad discretion vested in that court under that proviso. The petition taken as a whole meets this requirement. To so hold is in accord with a long and well-established practice of liberality with regard to proceedings in our probate courts. See *MacKenzie & Shea v. Rhode Island Hospital Trust Co.*, 45 R. I. 407, 410.

In order to distinguish the petition in that case from the petition in the instant case, the executrix has incorporated it in her brief. She argues that the differences in the two petitions are significant. However, such differences as may be found in them are not, in our opinion, important. The two petitions are essentially much alike. Neither petition alleges under which proviso it is brought. The fact that the instant petition has incorporated within it the words "accident, mistake or unforeseen cause", which words also appear in the first proviso of sec. 3, is not of vital significance. The liberality exercised by this court in the *MacKenzie & Shea* case is equally called for in the instant case. We, therefore, find no error in the probate court's consideration

of the petition as invoking the exercise of its discretion under the second proviso of sec. 3.

The next question has to do with the adequacy of the evidence to sustain the action of the probate court in finding that the estate had not been distributed and that there was good cause for permitting the petitioner to file her claim out of time. As to the matter of distribution, there has been no entry of an order of distribution and it does not appear that the executrix made any showing that actual distribution had been made by any payment of money or delivery of property to the distributees.

It is true that an order of distribution by the court is not necessary to prevent the filing of claims out of time, if distribution has in fact been made to the distributees. *Slaimen* v. *Curtis*, 56 R. I. 351, 185 A. 684. But in this rule it is presupposed that everything in the due and orderly administration of the estate up to and including the determination of the amount for final distribution has been done. In the instant case it was not proved that this prerequisite was complied with. On the contrary, the evidence shows that it was not.

The executrix has argued in her brief that all of the deceased's property in fact belongs to her. But we are unable to see how this argument can help her; if anything it tends to weaken her case. If all of her deceased husband's property belonged to her because his estate under her guardianship was indebted to her in a sum in excess of the net value of all his property, as she claims, then she, as a creditor of his estate, cannot be permitted to claim that all of that estate has been distributed and thus to prevent another creditor from presenting a claim, especially since the executrix has not submitted her claim against his estate to the probate court, as by law required, or even filed an inventory. For the foregoing reasons, there was no error in the finding of the probate court that distribution had not been, made.

We now come to the final question whether the probate court abused its discretion in finding on the evidence before it that the petitioner should be permitted to file her claim. We shall not go into any detailed discussion of that evidence. It is sufficient to say that the petitioner showed that she held a promissory note of the deceased for $2000; that she testified she loaned him this money; that it had not been repaid; that the interest had been paid on it by the executrix on several occasions before and after the deceased's death; that the executrix had said she would pay it and that the petitioner need not file any claim; that the petitioner and executrix were friendly; that petitioner relied on the executrix's word and that until she had consulted an attorney following the refusal of the executrix to pay the note, she did not know she would have to file a claim if the executrix refused to pay.

The executrix admitted that the signature on the note was genuine but denied that she ever told the petitioner not to file a claim and that she would see that the note was paid; she testified that her deceased husband told her that he did not owe the petitioner anything; that she, the executrix, had paid interest on the note both before and after her husband's death; that she demanded sight of the note when she paid the interest on April 15, 1936, but that petitioner told her the note was in the bank: that the petitioner did not produce the note, although petitioner was in frequent contact with her; that she thereafter made other interest payments; that she notified petitioner by telephone in December 1937 that she would not make the interest payment due that fall until the petitioner produced the note; that later petitioner presented her a note not bearing the signature of the deceased for her to sign but that she refused; that she did not see the note for $2000 with deceased's signature thereon until she saw the same at the hearing in the probate court.

On this showing we cannot say that the probate court

abused its discretion in granting leave to the petitioner to file her claim. A wide discretion is allowed to the probate court in passing upon a petition under sec. 3. *Tillinghast* v. *Iverson,* 50 R. I. 23, 144 A. 673. This view is in accord with the evident intention of the legislature in granting to that court power to lift the bar of the statute for "any other cause" in addition to the causes of "accident, mistake, or unforeseen cause." Notwithstanding that this court has given a liberal construction to those causes wherever they are found in our statutes, the legislature apparently intended, by the second proviso of sec. 3, to afford an even wider latitude to the probate court in finding good cause for a petitioner, who has failed to file his claim, to file it out of time, even though he is unable to show either accident, mistake or unforeseen cause as those terms have been construed by the decisions of this court.

In the instant case the evidence appears to furnish reasonable grounds for the action of the probate court in granting the petitioner leave to file her claim. There is nothing inherently improbable in her reason for not filing her claim on time that would make it necessary for us to say that the probate court should not have entertained or credited it. In so far as any conflict existed between the evidence of the petitioner and that of the executrix, it was for the probate court to resolve it, and it has done so in favor of the petitioner. On this phase of the case, the decision of the probate court is final. *Rhode Island Hospital Trust Co.* v. *Simons,* 60 R. I. 108, 197 A. 190. In a proceeding of this kind it is to be borne in mind that the only effect of a finding in favor of a petitioner is to give him his day in court on the merits of his case; and this is always favored by the courts, where no inequity will result and where no statute speaks to the contrary.

There is no merit in the argument of the executrix that the evidence of the petitioner amounts to a claim by petitioner of a waiver of the special statute of limitation by the

executrix. The following cases cited by the executrix in support of that argument have been examined and are clearly without application in the instant proceedings. *Andrews* v. *O'Reilly,* 34 R. I. 256; *Thompson* v. *Hoxsie,* 25 R. I. 377. Neither of these cases arose under the second proviso of sec. 3, nor is the language of the court in either opinion fairly applicable to a proceeding such as the one before us, where the very purpose of the statute under consideration is to afford an opportunity to the petitioner, in the discretion of the probate court, to file her claim, notwithstanding the bar of the special statute of limitations. The petitioner here is claiming that her failure to file her claim was due to a cause that would justify the probate court in relaxing the rigor of the statute, as was intended by the legislature when it enacted the second proviso of sec. 3.

The claim of the executrix with reference to the running of the general statute of limitations against the note is not germane here, as it is matter that goes to the validity of the claim itself and is properly cognizable on the merits.

The appeal is denied and dismissed, and the decree appealed from is affirmed.

*Walling & Walling, Ambrose W. Carroll,* for appellants.

*George F. Treanor,* for appellee.