386 A.2d 179.

ESTATE OF GEORGE W. MCALPINE *et al. v.* ESTATE OF EDWARD B. MCALPINE *et al.*

MAY 3, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

136

Doris, J.   This is a petition for certiorari seeking to review a decree of the Probate Court of the City of Cranston granting four petitions of the respondents for leave to file claims out of time against the petitioners. We issued the writ and directed the parties to discuss, among other issues, whether G.L. 1956 (1969 Reenactment) §33-11-5 is constitutional in that it grants no appellate review of an order or decree granting a petition which permits a party in a probate proceeding to file a claim out of time.

The record indicates that George W. McAlpine, petitioners' decedent, died on December 1, 1970, and notice of the qualification of his administrator was published on January 13, 1971.

Over four years later, in September 1975, respondents, executors of the will of Edward B. McAlpine, who had died on January 3, 1975, filed four petitions in the Probate Court of the City of Cranston, for leave to file claims out of time against the estate of George W. McAlpine. It appears that during his lifetime Edward B. McAlpine, deceased, was the owner of a business known as "Edward B. McAlpine Refinery," and entrusted the operation of said refinery to his son, George W. McAlpine, petitioners' decedent.

Petition No. 1 filed by respondents alleges in substance that George W. McAlpine paid personal expenses from the refinery funds during his lifetime, and a timely claim could not be filed against George's estate because Edward was involved in a bankruptcy proceeding which terminated shortly before the filing of the petition and because George concealed his activities.

Petition No. 2 filed by respondents alleges that while acting as the operator of the refinery, George engaged in speculative activities which substantially decreased the estate of Edward and caused the executors of Edward's estate to be put to great expense to defend the estate and

conclude the bankruptcy proceeding. The petition further alleges that George used a forged power of attorney to execute an indemnity agreement presumably on behalf of Edward, and because of such fraudulent action, the estate of Edward will be put to great expense to defend numerous actions and claims. The petition stated that a timely claim could not be filed because of the bankruptcy proceedings and the fact that George concealed his activities.

Petitions No. 3 and No. 4 filed by respondents are substantially the same as petitions No. 1 and No. 2, except that petition No. 3 alleges that if the estate of Edward B. McAlpine is liable to Lola Jane McAlpine in her capacity as administratrix of the estate of George W. McAlpine, the estate of George is liable to indemnify the estate of Edward because the liability arose from a breach of duty owed by George B. McAlpine to Edward B. McAlpine. Petition No. 4 alleges that if Lola Jane McAlpine, individually, is entitled to indemnity from the estate of Edward B. McAlpine, the estate of Edward is entitled to indemnity from the estate of George because the liability arose from a breach of duty owed by George to Edward. Petitions No. 3 and No. 4 allege that a timely claim could not be filed because Lola Jane McAlpine, individually and as administratrix of the estate of George W. McAlpine, had not asserted a claim against the estate of Edward B. McAlpine until July 16, 1975.

After a hearing in the Probate Court of the City of Cranston, an order was entered which reads as follows:

"1.   That there are assets remaining in the estate [of George W. McAlpine].
"2.   That there has been no distribution of these assets.
"3.   That there is good cause [* * *] indicated [for failure to file said claims timely because of] peculiar and extenuating circumstances.
"4.   That no inequity will result in granting leave to file such claims out of time.

"5. That the claim of the Estate of George W. McAlpine with reference to the running of the general statute of limitations is not germane, as it is a matter that goes to the validity of the claim itself and is properly cognizable on the merits.

"6. That the claims to be filed are those that should be tried on their merits.

"7. That the petitioners have submitted sufficient evidence that their claims are just and have given a reason for failure to file said claims timely.

"Accordingly, the petitions to file said claims out of time are granted; the petitioners may file said claims within fourteen (14) days of this Decision and the Estate of George W. McAlpine may have fourteen (14) days in which to disallow said claims in whole or in part."

The petitioner, Lola Jane McAlpine, testified that the assets in the estate of George have not been distributed because of suits pending against the estate, and that she was motivated in July 1975 to file claims individually and as administratrix of the estate of George against the estate of Edward because actions have been filed against her individually and as administratrix arising out of certain indemnity agreements involving Fireman's Fund Insurance Company.

The respondent, Phebe Shepard, daughter of Edward B. McAlpine and a coexecutor of his estate, testified that after their qualification in February 1975, the executors of the estate of Edward B. McAlpine spent most of their time resolving the assets to be received by the estate as a result of the bankruptcy proceedings. She testified that the litigation involving her father, Edward, had ended upon the conclusion of the bankruptcy proceeding. She further testified that after much investigation and research into the claims filed in July by petitioner, Lola Jane McAlpine, against Edward's estate, the executors, in September 1975, decided to file claims against the estate of George W. McAlpine. Mrs. Shepard testified that she was residing in Providence when

her brother, George, died in December 1970, and that shortly thereafter her father, Edward, filed a petition in bankruptcy. She testified that she knew of the claim of Fireman's Fund Insurance Company before her father's demise and that she also was aware of the question of whether George had exceeded his authority in the operation of the Edward B. McAlpine Refinery.

The petitioners assert that the Probate Court of the City of Cranston exceeded its authority under G.L. 1956 (1969 Reenactment) §33-11-5.[1]

The petitioners argue that the Probate Court has authority to allow claims out of time only when the creditor has failed to file his claim. They further argue that here the executors of the estate seek to file a claim which alleged the same liability as the claim previously filed against the estate of George W. McAlpine by respondents' decedent during his lifetime.

The record indicates that the claim filed by Edward B. McAlpine during his lifetime related to claims filed against him in the bankruptcy proceedings by certain corporations. That claim did not relate to the payment of personal and family expenses with Refinery funds, as alleged in petition

---

[1]General Laws 1956 (1969 Reenactment) §33-11-5 reads as follows:

"Claims shall be filed within six (6) months from the said first publication. Claims not filed within six (6) months from said publication shall be barred; provided, that a creditor who, by reason of accident, mistake or any other cause, has failed to file his claim, may, at any time, before the distribution of the estate, petition the probate court for leave to file his claim, and the probate court, after notice to the executor or administrator of the estate and a hearing on said petition, may in its discretion, grant leave to file such claim upon such terms, if any, as said court shall prescribe, which claim, if allowed, shall be paid out of the assets remaining in the hands of the executor or administrator at the time of the receipt by him of notice of the pendency of such a petition, and there shall be no appeal from an order or decree granting leave to file such claim. From an order or decree denying leave to file such claim an appeal may only be taken to the superior court where it shall be heard de novo and without a jury and neither the rulings of the superior court nor its order or decree shall be reviewable by an appeal or bill of exception."

No. 1, nor the execution of a surety bond under an alleged forged power of attorney, as set forth in petitions No. 2, No. 3 and No. 4.

The petitioners' assertion that the claims sought to be filed had already been filed by respondents' decedent in his lifetime is therefore without merit.

The petitioners contend that in any event, respondents failed to prove accident, mistake, or other cause for failure to file a timely claim as required by §33-11-5. It is true as petitioners allege and respondents concede that the failure to file a timely claim was not because of accident or mistake. The petitioners assert that there is no evidence in the record to sustain the existence of "any other cause" for failure to file a timely claim. In other words, petitioners contend that the Probate Court abused its discretion when it determined "[t]hat there is good cause in that the evidence indicated peculiar and extenuating circumstances."

The Probate Court is given a wide, although not unlimited, discretion in the matter of filing claims against estates out of time, and unless the Probate Court has abused that discretion its decision will not be reversed by this court. In other words, its judgment on facts after a fair hearing will stand as conclusive, unless such judgment is so lacking in evidence to support it that there is no valid reason for the exercise of the court's discretion. *Rhode Island Hosp. Trust Co.* v. *Simons,* 60 R.I. 108, 110, 197 A. 190, 192 (1938); *Tillinghast* v. *Iverson,* 50 R.I. 23, 25-26, 144 A. 673, 674 (1929).

There is testimony that the bankruptcy proceedings involving Edward B. McAlpine that were initiated in December 1970, before the appointment of an administrator for the estate of George W. McAlpine, and prevented the filing of a timely claim. There is also the allegation that George W. McAlpine had concealed his activities. The record also disclosed that no claims arising out of the Fireman's Fund Insurance Company transactions were filed against Edward

B. McAlpine's estate until July 1975, so that the executors of Edward's estate could not seek indemnity against such claims prior to that date. There was also testimony by the coexecutrix, Phebe Shepard, that it was believed that all the problems concerning Edward B. McAlpine's estate would be settled by the bankruptcy proceeding.

On this record we cannot say that the Probate Court abused its descretion in granting respondents' petitions to file the claims out of time.

In accordance with our instructions the parties have briefed and argued before us whether §33-11-5 is constitutional in that it grants no appellate review of an order or decree granting a petition which permits a party in a probate proceeding to file a claim out of time.

Section 33-11-5 permits a creditor to file a petition for leave to file a late claim against an estate in Probate Court. The Probate Court must make a determination that the failure to file a claim within the time allowed by the special statute of limitations was due to "accident, mistake or any other cause." If the court grants the petition, the estate is provided with no right to appeal because there are appellate rights available to the estate if the claim is ultimately allowed. However, if the petition is denied, the creditor has a right of appeal to the Superior Court for a de novo hearing because, as to him, the denial is a final judgment as to his claim. In a case of this kind, the only effect of granting a petition to file a claim out of time is to give the claimant his day in court on the merits of his case, and this is always favored by the courts where no inequity exists and where there is no statute to the contrary.

This situation is analogous to a civil action wherein a defendant files a motion for summary judgment based upon the statute of limitations. Clearly, when a decree is entered granting a motion for summary judgment, the judgment is final and appealable. *Marandola* v. *Hillcrest Builders, Inc.*, 102 R.I. 46, 227 A.2d 785 (1967). If the motion is denied,

however, the case has not been finally resolved and therefore is not appealable. The denial of the motion for summary judgment is "strictly a pre-trial order that decides only one thing — that the case should go to trial." *Switzerland Cheese Ass'n* v. *E. Horne's Market, Inc.*, 385 U.S. 23, 25, 87 S. Ct. 193, 195, 17 L. Ed. 2d 23, 25 (1966); *see Balme* v. *Gold-Bro, Inc.*, 108 R.I. 930, 277 A.2d 134 (1971); *Fisher* v. *Sun Underwriters Ins. Co.*, 55 R.I. 175, 179 A. 702 (1935). In a situation closely analogous to the instant case, where the motion for summary judgment was based on the statute of limitations, the judgment denying the motion was determined to be unappealable based on this reasoning. *Whitman* v. *Noel*, 53 A.2d 280 (D.C. 1947). Denial of a motion for summary judgment is interlocutory in nature and not finally dispositive of the case and, absent peculiar circumstances, is not appealable. Any error in denying the motion is rendered harmless by a fair determination of the merits at trial. *See* 1 Kent, *R.I. Civ. Prac.* §56.12 (1969).

The intention of the statute is not only to accelerate the settlement of estates but also to allow a certain latitude of action to Probate Courts where the filing of a claim is belated. *Tillinghast* v. *Iverson, supra.* An order permitting the late presentation of a claim is not a determination on the merits; it does not affect the general statute of limitations or cut off any valid defense against the claim. The correctness of the order may be challenged in a hearing on the merits.

The petitioners argue that §33-11-5 is violative of the Equal Protection Clause of the United States Constitution since by its terms the statute discriminates between the rights accorded the creditor and those afforded to a decedent's estate. The petitioners direct our attention to *DuPont* v. *Family Court*, 52 Del. 72, 153 A.2d 189 (1959), and *Hecker* v. *Illinois Central R.R.*, 231 Ill. 574, 83 N.E. 456 (1907), to substantiate their argument.

In both cited cases, however, the ultimate issue in controversy was decided. Here, however, under §33-11-5 if the

motion to file a claim out of time is denied, the claimant, without a right of appeal, is out of court. If the motion is granted, the estate may still prevail at the hearing on the merits, or if unsuccessful on the merits, could still prevail on appeal.

The petitioners concede, however, that the Equal Protection Clause permits discrimination in the provision of remedies. However, such discrimination must be predicated on a rational basis with some relevance to the purpose for which the classification is made. *Rinaldi* v. *Yeager*, 384 U.S. 305, 86 S. Ct. 1497, 16 L. Ed. 2d 577 (1966). Permission to file a claim out of time has been held not to be a final order but an interlocutory one that may be reviewed on appeal from the final judgment entered on the claim. *In re Estate of Golden*, 120 Neb. 226, 231 N.W. 833 (1930).

The purpose of §33-11-5 is to give a claimant the opportunity, in the discretion of the Probate Court, to file his claim beyond the six-month period, *see Dunlop* v. *McLaughlin*, 62 R.I. 417, 6 A.2d 446 (1939), and in our opinion is a sufficient rational basis for distinguishing between the rights accorded to a creditor and the estate. We therefore hold that §33-11-5 is constitutional.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers certified to this court are ordered returned to the Probate Court of the City of Cranston with our decision endorsed thereon.

*Moore, Virgadamo & Lynch, Ltd., Joseph R. Palumbo, Jr.,* for petitioners.

*Swan, Jenckes, Asquith & Davis, Andrew H. Davis, Jr., Henry M. Swan,* for respondents.