ELIZABETH M. MCLAUGHLIN *vs.* ANNA E. DUNLOP, *Executrix.*

APRIL 18, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

430

FLYNN, C. J. This is a proceeding on *scire facias,* under general laws 1938, chapter 579, §27, whereby the plaintiff seeks an execution against the defendant's own proper estate to satisfy a judgment obtained against the defendant in her capacity as executrix of the will of Edwin G. Dunlop. The case is before us upon the defendant's exception to a decision of the superior court granting such an execution.

Anna E. Dunlop, the defendant, was duly appointed executrix of the will of her husband, Edwin G. Dunlop, late of Cumberland, deceased, and the first notice of such appointment was published on December 24, 1935. Subsequently Elizabeth M. McLaughlin, the plaintiff, filed a claim against the estate of the testator and, after its disallowance, duly brought an action thereon in the superior court, where a decision was rendered in her favor. This was later affirmed by this court in *McLaughlin* v. *Dunlop,* 70 R. I. 155, 452. Judgment accordingly was entered against the testator's estate and execution thereon was issued. This was returned *nulla bona* by the sheriff on September 12, 1944 and the plaintiff then commenced these proceedings.

After the writ of *scire facias* was served on the defendant on February 15, 1945, she filed in the probate court, on February 23, 1945, a petition to represent the estate of Edwin G. Dunlop insolvent and prayed for the appointment of a commissioner to examine and determine disallowed claims.

On April 2, 1945, defendant for the first time filed in the probate court an instrument purporting to be an inventory, setting forth substantially that there was no personal or real estate of the testator at the time of his death. On April 18, 1945, a decree of the probate court was entered, denying her petition to represent the estate insolvent and her prayer to appoint a commissioner as above mentioned, from which decree she took an appeal to the superior court.

Defendant then filed in this proceeding a special plea containing ten paragraphs, eight of which related either to the merits of the original claim or to a plea of *plene administravit;* and the other two set up the representation of insolvency lately filed in the probate court. Evidence was introduced, including testimony by the defendant, and the trial justice thereupon granted to the plaintiff an execution to run against the defendant and her own proper estate.

The defendant concedes that her plea as to all matters except the representation of insolvency is untenable in the circumstances here; but she contends that the trial justice, relying on *Barber* v. *Collins,* 18 R. I. 760, erroneously decided against her solely on the ground that she had not filed such representation in the probate court *within a reasonable time.* She argues that when the above-mentioned case was decided the statute had no provision as to the time for filing a representation of insolvency and that the court, therefore, held that such representation of insolvency should be filed within a reasonable time. Thereafter, she says, the statute was amended and now expressly permits an executor to represent the estate of his testator as insolvent "at any time during administration", which she interprets to be any time before the final accounting.

Chapter 578, §13, the statute referred to, now reads: "An executor or administrator at any time during administration may represent the estate insolvent to the probate court, and apply for the appointment of commissioners to examine and determine claims. If the probate court finds the estate is

probably insolvent, and there are claims which have been disallowed, it shall appoint 1 or 3 commissioners."

This statute, as defendant argues, did not originally contain any provision relating to the time when a representation of insolvency may be filed in the probate court. It did not contain the words "at any time during administration" when the decision of *Barber* v. *Collins, supra,* was rendered. Whether the permission now given by this statute to represent an estate insolvent to the probate court "at any time during administration" was intended to relieve an executor or administrator entirely of the duty to file such representation *within a reasonable time* need not be decided here. For the purposes of the instant case, we shall assume that an executor may now file a representation of insolvency "at any time before the final accounting", as the defendant contends. But in our opinion it does not follow that the mere filing of such a representation of insolvency in the probate court, without more, operates to bar in the superior court the granting of specific relief as provided under another statute, namely, chap. 579, §27. The latter statute, under which this proceeding was brought, reads:

"If the execution shall issue as aforesaid against the estate of the testator or intestate in the hands of the executor or administrator, and the officer charged with the service thereof shall return thereon that he cannot find any such estate whereon to levy such execution, and that the same has not been satisfied by such executor or administrator, a writ of scire facias may be sued out of the office of the clerk of the same court (although 2 years may have elapsed after the date of the first publication of the notice of the qualification of the first executor or administrator) against such executor or administrator, containing a suggestion of waste; and after said writ has been duly served by the officer to whom it shall be directed and by him returned, if the executor or administrator make default of appearance, or, coming in, shall not show sufficient cause to the contrary, execution shall be awarded against him and his own proper estate for the sum

recovered, with interest due thereon, with costs, and, for want of estate, against the body of such executor or administrator."

The relief contemplated by this statute would be substantially nullified if it could be easily defeated by the mere filing at any time in the probate court of a representation of insolvency. Such a result should be avoided if a fair construction of both statutes can be made which will give a reasonable effect to each. See *McLaughlin* v. *Dunlop*, 68 R. I. 4, 8.

In our opinion the two statutes referred to were intended to serve different purposes and can be given reasonable effect. Whatever construction may be placed upon the provisions of chap. 578, we think that it was not intended to have the effect of completely preventing the superior court from granting, in a properly established case, the relief expressly provided by chap. 579. The latter chapter apparently was intended to grant to a creditor relief personally against an executor or administrator who has not acted prudently and in good faith and whose conduct has resulted in waste of the assets of an estate, even if the representation of insolvency may have been filed in the probate court within a reasonable time. In this regard it is significant that the legislature, when amending chap. 578 as to a limit of time for the filing of such a representation in the probate court, nevertheless made no corresponding change in chap. 579 so as to suspend the operation of the provisions thereof, which substantially restate the common-law remedy against an executor or administrator who was guilty of *devastavit*.

It will be noted in that connection that a proceeding under chap. 579 on *scire facias* expressly requires a suggestion of waste. That an action under this statute depends on waste is supported by the language in *Probate Court of Central Falls* v. *Adams*, 27 R. I. 97, 98. In discussing an earlier form of this statute, the court there said: "The statute cited relates to suits brought against an executor to recover debts or legacies out of the estate. In such suits neither his body nor his goods are answerable unless he has committed waste."

Earlier, in *Carver* v. *Wells,* 17 R. I. 688, the court had occasion to consider this statute on *scire facias.* While discussing the defendant's contention that it modified the general rule, so as to allow the defendant to put in any defense, the court stated: "We have considered the reason and effect of the rule, in order to determine more clearly whether the statute was intended to extend the common law doctrine and practice, or simply to be declaratory of it. We do not think it was intended to modify the old practice."

In view of these holdings it is our opinion that chap. 579, §27, is declaratory of the common-law practice; that without a suggestion of waste a proceeding thereunder would have no valid standing; and that without evidence showing something in the nature of waste of the estate relief should not be awarded against an executor or administrator in his individual capacity. On the other hand, if the evidence discloses such waste and no satisfactory reason appears to excuse the executor or administrator therefrom, then a decision granting an execution to run against an executor or administrator and his own proper estate would be consistent with the purpose of this statute.

In the instant case there was evidence from which the trial justice found that the defendant was grossly negligent in the handling of this estate. No inventory was filed for over nine years after her appointment, although in the ordinary case an inventory is required to be filed within thirty days, unless otherwise ordered. G. L. 1938, chap. 577, §1. The defendant also testified that she knew from December 1935 that this estate was insolvent and yet she failed to file either an inventory or a representation of insolvency; but apparently she proceeded to pay all of the testator's debts, excepting only the claim of the plaintiff. In fact, neither an inventory nor a representation of insolvency was filed in the probate court until after this proceeding on *scire facias* had been commenced in the superior court.

The trial justice, in addition to finding that the representation of insolvency was not filed within a reasonable time,

also found on evidence that the testator apparently had and was taxed for personal property at the time of his death, notwithstanding the assertion by the defendant in the inventory to the effect that there were no such assets. The unexplained disappearance of all the assets of the estate, which the trial justice inferentially found were of considerable value, the payment of all other debts although the estate was known to be insolvent, and the extraordinary circumstances relating to her handling of the estate, which the trial justice found to be grossly negligent, tend to support a conclusion that the defendant was guilty of a *devastavit*.

While the trial justice stressed the fact that the defendant had not filed the representation of insolvency within a reasonable time, we do not think that his decision was based solely thereon, as the defendant argues. We interpret that conclusion to be only one of several findings that he made upon the evidence. It was a strong circumstance to be considered with other evidence, which he discussed in his decision, in determining whether the defendant acted prudently and in good faith and whether she had shown, as it was her duty to do under the statute, sufficient reason why, in the face of apparent waste of the assets of the estate, an execution should not issue against her own proper estate. After a consideration of the evidence, the decision as a whole, and the points raised by the defendant in her brief, we cannot say that the decision of the trial justice was clearly wrong.

The exception of the defendant is overruled, and the case it remitted to the superior court for further proceedings.

*George F. Treanor,* for plaintiff.

*Charles R. Easton,* for defendant.