227 A.2d 785.

JOSEPH MARANDOLA *et ux.* *vs.* HILLCREST BUILDERS, INC.

MARCH 31, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is an appeal from the entry of a summary judgment by a superior court justice.

On October 15, 1965 plaintiffs, who are husband and wife, issued their writ of attachment in an action of assumpsit against the defendant corporation to recover the balance allegedly due on a promissory note which had been given by defendant in consideration of a conveyance to it of land owned by plaintiffs. This action was commenced prior to January 10, 1966, the date on which the new Rules of Civil Procedure became effective and was docketed in the superior court as civil action 186955. For the sake of clarity we shall hereafter so refer to it.

The plaintiffs' declaration is in four counts and defendant pleaded generally to all of them.

On December 30, 1965 plaintiff Joseph Marandola issued his writ of attachment in a second civil action predicated on his claim to a share of profits allegedly resulting from an agreement between him, as superintendent of construction for defendant and his employer.

This writ was returnable subsequent to the effective date of the new rules and was docketed in the superior court as civil action 66-404. Again for the sake of clarity we shall hereafter so refer to it.

In said C. A. 66-404 defendant's answer denied indebtedness and further pleaded a counterclaim predicated on plaintiff's alleged misrepresentation.

Subsequently, March 29, 1966, plaintiffs in C. A. 186955 filed a motion for summary judgment to which defendant seasonably objected. On April 1, 1966 defendant moved to consolidate the two cases and the following day filed an affidavit deposing that there was a genuine issue of a material fact to be decided by the court in C. A. 186955.

On April 14, 1966 a superior court justice continued the motion for a summary judgment in C. A. 186955 and gave defendant one week in which to amend its affidavit. At the same hearing, however, he granted defendant's motion to consolidate the cases for trial.

Thereafter on June 2, 1966 said justice found defendant's amended affidavit to be insufficient in law, granted plaintiffs' motion and entered a summary judgment for the balance of $4,600 due on the note plus interest of $161 and costs. From this judgment defendant appealed to this court and in support thereof makes two contentions.

It argues that the superior court justice erred in holding that the affidavit was defective and, in the alternative, that it was error to grant the motion for a summary judgment after the cases had been consolidated for trial. This latter argument rests in substance on the proposition that as to C. A. 66-404 defendant asserts a counterclaim, the merits of which should be applicable to C. A. 186955.

As to its first contention we note that when a motion for summary judgment is made pursuant to Rule 56 of the Rules of Civil Procedure, applicable to this action by Rule 86 thereof, it is made "with or without supporting affida-

vits." When such affidavits are filed, either in support or in defense of such a motion, the trial court must decide whether or not a genuine issue of a material fact exists. If not, the moving party is entitled to summary judgment if otherwise entitled as a matter of law. Rule 56 (c), Rules of Civil Procedure.

The standard of review of this finding has never been decided by this court, but the federal courts in deciding cases under the federal Rule 56, after which our Rhode Island rule was patterned, have decided that such findings are subject to review on the question of whether in making such findings the trial justice considered affidavits and pleadings in the light most favorable to the opposing party, and only when it appears that no genuine issue of material fact is asserted can summary judgment be ordered. *Whitaker* v. *Coleman,* 115 F.2d 305; *Toebelman* v. *Missouri-Kansas Pipe Line Co.,* 130 F.2d 1016.

Applying this standard to the instant case we hold that the pleadings, taken together with defendant's amended affidavit and construed in the light most favorable to defendant, present no genuine issue of a material fact. In such circumstances, the entry of a summary judgment was correct, plaintiffs having otherwise established their case. Rule 56 (c), Rules of Civil Procedure.

It is defendant's further contention, however, that even if this be so, it should be afforded the opportunity to prove a potential set-off against plaintiffs' claim in C. A. 186955 by reason of its counterclaim in C. A. 66-404, assuming of course such counterclaim were established when the latter action went to trial. The reason advanced for this proposition is founded on the consolidation of the two actions. We think, however, that the right to a summary judgment should be tested in the light of such circumstances as are confined to the contract action in which the motion is made.

Consolidation of cases is for the purpose of trial only,

and does not operate as a merger of the separate cases into one case. It merely permits them to be tried together before the same justice or jury and thus avoid unnecessary delay and expense in the administration of justice. The rule as thus stated in *Giguere* v. *Yellow Cab Co.*, 59 R. I. 248, is the same as that provided by Rule 42 of the Rules of Civil Procedure.

We hold, therefore, that whatever defenses were available to the defendant in C. A. 66-404 do not become available to it in C. A. 186955 by reason of a subsequent consolidation of the two cases. They remain distinct and are consolidated for purposes of trial only.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the cases are remitted to the superior court for further proceedings.

*John A. DeSano*, for plaintiffs-appellees.

*Benedetto A. Cerilli*, for defendant-appellant.