331 A.2d 403.

·Joseph Belanger *et ux. vs.* Armand G. Silva *d.b.a.*
Maple Hill Nursery· *vs.* John J. Clarke
Insurance, Inc. *et al.*

FEBRUARY 4, 1975.

Present: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

Roberts, C. J. This civil action for negligence was brought by Joseph and Viola Belanger in 1970 against Armand G. Silva, doing business as Maple Hill Nursery. Silva commenced ·a third-party suit against John J. Clarke Insurance, Inc. (·Clarke), which joined Shelby Mutual Insurance Company (Shelby) as an additional third-party defendant under Silva's third-party complaint. The action

against Clarke is for breach of its agreement with Silva to procure liability insurance for Silva's business. The action against Shelby is upon the insurance contract allegedly issued by Shelby. Shelby filed a cross-claim against Clarke in which it alleged that Clarke negligently omitted to procure a liability insurance policy for Silva and, thus, ought to indemnify Shelby to the extent of its liability to Silva. Clarke, the insurance agent, moved for summary judgment. The trial justice granted Clarke's motion with respect to Silva's claim but denied the motion with respect to Shelby's cross-claim against Clarke for indemnification to the extent of its liability for Silva's loss. Silva appeals from the judgment resulting from the trial justice's order granting summary judgment to Clarke.

In passing upon a motion for summary judgment under Super. R. Civ. P. 56, the trial justice must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, to determine whether they show a genuine issue of material fact and, if not, whether the moving party is entitled to judgment under the applicable law. *Berberian* v. *O'Neil,* 111 R. I. 354, 302 A.2d 301 (1973); *Marandola* v. *Hillcrest Builders, Inc.,* 102 R. I. 46, 227 A.2d 785 (1967). The decision of this court in *Cardente* v. *Maggiacomo Ins. Agency,* 108 R. I. 71, 272 A.2d 155 (1971), established the rule of law which is controlling with respect to the instant case. In *Cardente,* this court held that "* * * an insurance agent who fails to make policy changes requested by an insured is not responsible to the insured for that failure if when he agreed to procure the change he was acting for a disclosed carrier and had authority to do what he agreed to do." *Cardente* v. *Maggiacomo Ins. Agency, supra* at 73, 272 A.2d at 156. Clearly, if a genuine issue of a material fact exists with respect to Clarke's having disclosed Shelby as his principal or having agreed

to do that which was within his authority, summary judgment was improperly granted.

The defendant contends that the trial justice improperly granted Clarke's motion for summary judgment because the depositions and admissions submitted with the motion and without objection established a dispute between the parties as to Clarke's having disclosed Shelby as his principal. In her deposition, Mrs. Silva indicated that Clarke had unequivocally stated that he was going to place the proposed insurance policy with Shelby. In the course of being deposed, Clarke stated that he could not recall having a conversation with the Silvas in which he told them that he would procure the insurance requested with Shelby as opposed to another company. He also testified without objection that he generally did not disclose to the insured party which company would carry the insurance until the policy was issued. It may reasonably be inferred from Clarke's testimony that in dealing with the Silvas Clarke followed the usual practice of not disclosing to his clients the insurer prior to consummating the contract of insurance. This rendition of the material facts conflicts with Mrs. Silva's version and, consequently, creates a genuine issue of a material fact.

In these circumstances, we conclude that the trial justice erred in granting Clarke's motion for summary judgment. Our thus ruling makes it unnecessary for us to address the defendant's second contention, which would become relevant only if we found the trial justice to have properly granted the motion.

The defendant's appeal is sustained, the judgment appealed from is reversed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*Nolan & Dailey, Peter D. Nolan, Leo J. Dailey,* for plaintiffs.

*Robert R. Afflick, David G. Lussier,* for Armand G. Silva; *Hanson, Curran, Bowen & Parks, A. Lauriston Parks,* for John J. Clarke Insurance, Inc.; *Keenan, Rice, Dolan & Reardon, John F. Dolan, Roderick A. J. Cavanagh,* for Shelby Mutual Insurance Company, for defendants.