**Eugene M. TURANO et al.**

v.

**Pearl ARTIGAS.**

**No. 84–546–Appeal.**

Supreme Court of Rhode Island.

Dec. 4, 1986

Frank S. Cappuccio, Westerly, for plaintiffs.

Zvi H. Smith, DiSandro-Smith Associates, PC Inc., Providence, Edward M. Botelle, Westerly, for defendant.

1. General Laws 1956 (1984 Reenactment) § 33–9–27 reads as follows:

"Personal liability of executor or administrator for debts of estate.—No executor or administrator, except an executor in his own wrong, shall be holden to bail upon mesne process, nor shall his property be attached, nor his person arrested, nor his person or

OPINION

FAY, Chief Justice.

This case is before this court on appeal from an order of the trial justice granting the defendant's motion for summary judgment and denying the plaintiffs' motion for. judgment on the pleadings, their motion to strike the defendant's motion for summary judgment, and their motion for a continuance.

The facts in this matter relevant to this appeal are as follows. On March 31, 1978, plaintiff Eugene M. Turano and plaintiffs Calisto Morris, Joyce Dionne, Judith Algiere, and Nancy Schilike, in their capacity as executors of the estate of Henry Morris, filed a complaint in Superior Court against defendant, Pearl Artigas, alleging that she, in her capacity as executor of the estate of her husband, Ralph O. Artigas, had failed to pay a judgment executed against her husband on June 18, 1968, and therefore was personally liable on the judgment.

In order for such personal liability to be attributed to an executor, G.L. 1956 (1984 Reenactment) § 33–9–27 requires that there be a suggestion of waste.[1] "[W]ithout evidence showing something in the nature of waste * * * relief should not be awarded against an executor * * * in his individual capacity." *McLaughlin v. Dunlop*, 71 R.I. 429, 434, 46 A.2d 575, 577 (1946).

On September 25, 1984, defendant filed a motion for summary judgment with a supporting affidavit in which she stated that "there were no assets which came into her hands as executrix of the estate of Ralph Artigas," and therefore no waste could have been occasioned.

At a hearing on the motions, the trial justice stated that there was "a flat, out-

property taken on execution, for the debts or legacies of the testator or intestate, except upon suggestion of waste as hereinafter provided [in § 33–9–28]; but in such suits the writs of attachment and execution shall run against the goods, chattels, rights and credits of the deceased only, in the hands of the executor or administrator."

standing statement [in defendant's affidavit that] there were no assets in the estate" and noted the absence of any other evidence before him. The trial judge granted defendant's motion for summary judgment and noted the absence of any genuine issue of material fact. He also denied plaintiffs' motion for judgment on the pleadings, as well as their motion to strike defendant's motion for summary judgment and their motion for a continuance of time in which to file a counteraffidavit.

In passing upon a motion for summary judgment under Rule 56 of the Superior Court Rules of Civil Procedure in which both the movant and the adverse party may submit affidavits, "it is the province of the trial justice to determine, by an examination of the pleadings, depositions, answers to interrogatories, admissions on file, and the affidavits of the parties, whether these documents present a genuine issue of material fact, 'and, if not, whether the moving party is entitled to judgment under the applicable law.' " *Ludwig v. Kowal,* 419 A.2d 297, 301 (R.I. 1980), (quoting *Belanger v. Silva,* 114 R.I. 266, 267, 331 A.2d 403, 404 (1975)).

In examining the affidavit in this case, we employ the principles enunciated in Rule 56(e).[2] After doing so, this court finds that the affidavit is sufficiently adequate for the defendant to have met her burden of proof and proved her case. At this point, the plaintiffs may not rest upon the mere allegations or denials set forth in their pleadings. *Ludwig v. Kowal,* 419 A.2d at 301; *Ardente v. Horan,* 117 R.I. 254, 257, 366 A.2d 162, 164 (1976). The plaintiffs, however, have failed to file a counteraffidavit, and thus, the trial judge did not abuse his discretion in denying the plaintiffs' motions and granting the defendant's motion for summary judgment.

Therefore, the plaintiffs' appeal is denied and dismissed, and the judgment appealed from is affirmed.

**2.** Rule 56(e) of the Superior Court Rules of Civil Procedure requires that the affidavit be made upon personal knowledge, that the facts set forth be admissible in evidence, and that the affiant demonstrate her competence to testify to the matters stated therein.