[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on motion for summary judgment by defendants Peter and Tambra Licis (hereinafter referred to as "Licis") pursuant to Superior Court Rules of Civil Procedure, Rule 56.
The facts which have been presented to this Court are as follows: The Licis entered into a purchase and sale agreement with the defendant, general contractor, Allan Dunn and Dunn Rite Modular Builders, Inc., from whom the Licis sought to purchase a modular home for $123,428.00. The purchase and sale agreement, entered into by the parties on January 8, 1989, delineates all of defendant Dunn's responsibilities as a general contractor, particularly relating to site work, delivery and foundational work. (Licis' Exhibit A). Pursuant to the purchase and sale agreement, the Licis were responsible for the driveway, landscaping and local permits, and were further required to make periodic payments to the general contractor during various stages of the building process.
Although the general contractor bore the responsibility to see to the completion of the foundation, a question of material fact has arisen as to whether the Licis or the general contractor hired the plaintiff, Ronald Almeida (hereinafter referred to as "Almeida") to perform the excavation and foundation work.
In passing upon a motion for summary judgment, the trial justice must determine whether there is a genuine issue of material fact; if not, the trial justice must determine whether the moving party is entitled to judgment as a matter of law.Alfano v. Landers, 585 A.2d 651, 652 (R.I. 1991). In determining whether or not there is a genuine issue of material fact, the trial justice relies upon an examination of the pleadings, depositions, answers to interrogatories, admissions on file, and the affidavits of the parties. Ludwig v. Kowal,419 A.2d 297, 301 (R.I. 1980). If no genuine issue of material fact is found, even when viewing the evidence in a light most favorable to the non-moving party, Rustigian v. Celona,478 A.2d 187, 189 (R.I. 1984), then the moving party is entitled to judgment under the applicable law. Belanger v. Silva,114 R.I. 266, 267, 331 A.2d 403, 404 (R.I. 1975); Marandola v. HillcrestBuilders, Inc., 102 R.I. 46, 49, 227 A.2d 785, 787 (R.I. 1967).
An adverse party to a summary judgment motion may not rest upon the mere allegations and denials in his or her pleadings; the adverse party's response must set forth specific facts showing that there is a genuine issue of fact for trial. R.C.P. 56(e). If this party opposing the motion establishes either by affidavit or by other means that a material issue of fact exists, then the Court must deny the motion. Grissom v. Pawtucket TrustCompany, 559 A.2d 1065, 1066 (R.I. 1989).
Upon careful examination of the pleadings, affidavits, and memorandum of law submitted by Almeida, the general contractor and the Licis, this Court finds that there remain genuine issues of material fact to be resolved. Those questions of material fact have arisen regarding to whom Almeida submitted invoices for excavation and foundation work, as to the amount of those invoices, as to amounts already paid to Almeida by the Licis and or the general contractor, and as to the general contractor's obligations regarding dealings with Almeida. Accordingly, the defendant Peter and Tambra Licis' motion for summary judgment is denied.