[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The defendants St. Joseph's Church (hereinafter referred to as "the Church") and Patrick M. Maher and Joanne D. Maher (hereinafter referred to as "Mahers") have each brought motions for summary judgment before this Court pursuant to Rule 56 of the Superior Court Rules of Civil Procedure.
A brief statement of the facts is necessary. At approximately 1:25 a.m., December 25, 1986 plaintiff and plaintiff's decedent were struck by defendant Strack's unlighted vehicle as they crossed Broadway from the Church to a parking lot across the street. It is undisputed that Strack was legally intoxicated when his vehicle struck the plaintiffs. Plaintiffs have brought this suit against the Church alleging that the Church breached a duty to provide a crossing guard outside of the Church, and such breach caused plaintiffs' injuries. Plaintiffs further claim that the Mahers, as social hosts, had a duty to the plaintiffs, in that they knew or should have known of Strack's intoxicated state when they served him alcohol and allowed him to depart from their home prior to the accident on Broadway.
In passing upon a motion for summary judgment, the trial justice must determine whether there is a genuine issue of material fact; if not, the trial justice must determine whether the moving party is entitled to judgment as a matter of law.Alfano v. Landers, 585 A.2d 651, 652 (R.I. 1991). The trial justice must rely upon an examination of the pleadings, depositions, answers to interrogatories, admissions on file, affidavits of the parties, and memoranda of law. Ludwig v.Kowal, 419 A.2d 297, 301 (R.I. 1990). If no genuine issue of material fact is found, even when viewing the evidence in a light most favorable to the non-moving party, Rustigian v. Celona,478 A.2d 187, 189 (R.I. 1984), then the moving party is entitled to judgment under the applicable law. Belanger v. Silva,114 R.I. 266, 267, 331 A.2d 403, 404 (R.I. 1975); Marandola v.Hillcrest Builders, Inc., 102 R.I. 46, 49, 227 A.2d 785, 787 (R.I. 1967).
This Court will first address the defendant Church's motion for summary judgment. As previously stated, plaintiffs' claim against the Church is based on negligence, alleging a duty on the part of the Church to its parishioners and to plaintiffs to provide a police officer to control traffic along Broadway, a public way, while parishioners used the crosswalk following services. The depositional testimony of the parish priest indicates that there is not, nor has there ever been a contractual agreement between the Church and the Newport Police Department to provide a crossing guard on Broadway. Occasionally, when available, the police would send someone to control traffic as a favor to the Church. In abrogating the degrees of duty owed to invitees, licensees, and trespassers, the Rhode Island Supreme Court ruled, in Mariorenzi v. Joseph DiPonte, Inc.,333 A.2d 127 (R.I. 1975), that the determinative issue in a negligence case is whether the owner has used reasonable care for the safety of all persons reasonably expected to be on his premises. Id.
at 133. The undisputed facts in the present case demonstrate that the tragic accident occurred on Broadway, and not on the Church's property; therefore, the location of the accident would not give rise to any duty owed by the Church to plaintiffs who were not on the property.
The Church further relies upon the Rhode Island case ofBanks v. Bowen's Landing Corp., 522 A.2d 1222 (R.I. 1987); in that case, summary judgment was granted to the defendant. The Court determined that there was no duty for the defendant restaurant/bar to warn plaintiff of the danger of diving into shallow water. In establishing that no duty existed, our Court relied upon factors articulated by the California Supreme Court. They include: 1.) the foreseeability of harm to the plaintiff; 2.) the degree of certainty that the plaintiff suffered an injury; 3.) the closeness of connection between the defendants' conduct and the injury suffered; 4.) the policy of preventing future harm; 5.) the extent of the burden to the defendant and the consequences to the community for imposing a duty to exercise care with resulting liability for breach. Id. at 1225; SeeThompson v. County of Alameda, 614 P.2d 728, 732-33 (Cal. 1980). Our Court noted that defendants owed no duty to Banks to warn of shallow water, and that his intoxicating climb over the railing and subsequent voluntary dive into the shallow water all intervened and bore a significant connection between the condition created and the inquiry suffered. Id. The Court stated that signs warning of shallow water would provide little discouragement for those intoxicated individuals aiming to dive into the shallow harbor. Id.
Additionally, the Church argues that even if the Court found some duty on their part toward the plaintiffs, the plaintiffs must prove a causal relation between the act or omission of the Church and the plaintiffs' injuries. Schenck v. Roger WilliamsGeneral Hospital, 382 A.2d 514 (R.I. 1977). Both actual "but for" causation and proximate causation must be attributable to defendant to attach liability for the plaintiffs' injuries. Summary judgment must be granted for the defendant St. Joseph's because the proximate cause of plaintiffs' injuries was the willful and wanton acts of Strack, not the breach of a non-existent duty owed by the Church to the plaintiffs.
In addressing the defendant Mahers' motion for summary judgment, the Court must initially stress that Rhode Island has not adopted a policy which would impose social host liability. The Rhode Island Liquor Liability Act, as delineated in Rhode Island General Laws 1956 (1987 Reenactment) § 3-14-1, et seq., was established to prevent intoxication related injuries, deaths and other damages among the state's population. A primary objective was to encourage all servers of alcohol to exercise responsible serving practices. G.L. § 3-14-2. The legislature has limited the class of defendants who may be liable for a violation of this act to licensed alcoholic beverage servers and their agents, and to those required by law to be licensed. G.L. §3-14-5.
The basis of the Mahers' motion for summary judgment is that neither the case law nor statutory law of Rhode Island permit the Mahers, as social hosts, to be held liable to a third party merely because the social host allegedly served or provided alcoholic beverages to the person causing injury to a third party. The Rhode Island Court has not chosen to apply the ordinary principles of negligence to the social host because, unlike the commercial vendor of alcohol, the social host lacks the inherent ability that a vendor has to determine intoxication levels in their patrons, the social host lacks any pecuniary gain from dispensing alcohol to social guests, and further, criminal liquor control statutes regulate commercial vendors, not social hosts.
The law of this state simply does not provide an avenue to impose liability on the Mahers. Negligence is the breach of a duty, the existence of which is a matter of law. Federal ExpressCorporation v. State of Rhode Island Department ofTransportation, 664 F.2d 830, 835 (1st Cir., 1981). If no such duty exists, then the trier of fact has nothing to consider and a motion for summary judgment must be granted. Barratt v.Burlingham, 492 A.2d 1219, 1222 (R.I. 1985).
With regard to both the Church and the Mahers, this Court cannot find, as a matter of law, that a duty ran from either to the plaintiffs. Accordingly, both motions for summary judgment are hereby granted.